But for one exception, I concur in the main opinion. The exception is the treatment of Patrick v. Union State Bank,681 So.2d 1364 (Ala. 1996). My analysis of the distinctions betweenPatrick and the case now before us is somewhat different from the analysis in the main opinion, and Patrick, in my opinion, is not due the criticism contained in the main opinion. While, in my opinion, the facts, law, and analysis in Patrick fully justify its holdings and judgment, I agree that Patrick is too distinguishable to provide an iota of support for the claims of the plaintiff now before us.
The duty recognized by Patrick is defined in these words:
 "[A] bank owes a duty of reasonable care to the person in whose name, and upon whose identification, an account is opened to ensure that the person opening the account and to whom checks are given is not an imposter."
681 So.2d at 1371 (emphasis added). The ambit of this duty is the protection of the innocent person whose name is printed by the bank on the checks given to the impostor from unjust arrest and incarceration for the crime of writing fraudulent checks. This ambit is necessarily limited to natural persons as distinguished from business entities that cannot be arrested or incarcerated. The rationale of Patrick for this duty and ambit is
 "that the fraudulent scheme effectuated here, as well as the injury and harm it caused Ms. Patrick, was foreseeable to the extent that a duty may be imposed. The issuance of worthless checks is extremely likely to result from opening a checking account for, and giving checks to, an imposter: why else would a person open a checking account in another's name when the person has no relationship with the other? Arrest and incarceration of the person in whose name and Social Security number and upon whose identification such an account was opened are probable consequences of the issuance of worthless checks in such a situation. It is foreseeable to banks that failing to follow identification procedures will greatly increase the risk of fraud. It endangers the bank, the bank's customers, and the general public. Thus, as a matter of law, it is foreseeable, in terms of the question of duty, that the person in whose name and Social Security number and upon whose identification a checking account is opened may be injured or harmed by fraud if the bank does not employ commercially reasonable means to verify that the person opening the account and to whom checks are given is not an imposter."
681 So.2d at 1369. The Patrick Court reiterates "that, as a matter of law, the fraudulent acts of the imposter here were foreseeable to the extent that a duty may be imposed on the bank." 681 So.2d at 1371.
The critical features present in Patrick are absent from the case now before us. In the instant case, the account was not opened in the name or upon the identification of the plaintiff himself as a natural *Page 914 
person, or indeed of any natural person who could be arrested or incarcerated. Nor does the plaintiff now before us complain that the bank supplied the account opener with checks imprinted with the plaintiff's name, that the account opener wrote fraudulent checks in the plaintiff's name, or that the bank caused any arrest or incarceration of the plaintiff or indeed of any person. The plaintiff's case is simply not the case Ms. Patrick presented in Patrick.
But for the foregoing observations about the Patrick case and its comparison with the case now before us, I concur in the rationale and the judgment of the main opinion. I note that the plaintiff's expert's opinions, as briefed to us, see Rule 28(a)(7) and (10), Ala. R.App. P., seem too conclusionary to constitute substantial evidence.